RAWLINSON, Circuit Judge,
dissenting:
I respectfully dissent. I agree with the district court judge that the “Regulatory Endorsement” superseded the regulatory coverage exclusion, thereby providing coverage for the claims made by the Federal Deposit Insurance Corporation (FDIC).
As relevant here, the applicable insurance policy contained an exclusion for any
[cjlaim by, or on behalf of, or at the behest of, any other Insured Person, the Company, or any successor, trustee, as-signee, or receiver of the Company except for ... a shareholder’s derivative action brought on behalf of the Company by one or more shareholders who are not Insured Persons and make a Claim without the cooperation or solicitation of any Insured Person or the Company.
However, the exclusion section of the policy was also amended by deleting the exclusion
based in or upon any action or proceeding brought by or on behalf of any federal or state regulatory or supervisory agency or deposit insurance organization (“Agency”),
This exclusion shall include, but not be limited to, any type of legal action which any such Agency may bring as receiver, conservator, trustee, liquidator or in any capacity, whether such action or proceeding is brought in the name of such Agency or by or on behalf of such Agency in the name of any other entity or solely in the name of any third party ...
Under California law, a policy provision is ambiguous if it may reasonably be subject to at least two interpretations. See MacKinnon v. Truck Ins. Exchange, 31 Cal.4th 635, 648, 3 Cal.Rptr.3d 228, 73 P.3d 1205 (2003), as modified. Insurance coverage is interpreted broadly, and exclusions are interpreted narrowly. See id. “[T]he burden rests upon the insurer to phrase exceptions and exclusions in clear and unmistakable language,” without ambiguity. Id. (citation omitted).
Applying these precepts, a conclusion of ambiguity is apparent. Considering the “insured versus insured” exclusion discussed by the majority in the context of the amendment to the exclusion that specifically addresses actions brought by receivers, at least two interpretations come to mind. The first is the interpretation advanced by the majority—that the. FDIC, as a successor entity to the defunct financial institution, is similarly barred by the “insured versus insured” exclusion. However, the majority ignores the equally plausible interpretation that the amendment to the exclusions specifically preserved claims brought by a receiver, more precisely those brought by a “regulatory ... deposit insurance organization.” The latter interpretation is entirely consistent with California caselaw holding that an endorsement expressly deleting an exclusion “supports an objectively reasonable expectation” of coverage. American Alter *672 native Ins. Corp. v. Super. Ct., 135 Cal. App. 4th 1239, 1247, 37 Cal.Rptr.3d 918 (2006). At a minimum, this interpretation, supported by California authority, creates an ambiguity that is resolved in favor of the insured and coverage. See St. Paul Mercury Ins. Co. v. Hahn, No. SACV 13-0424 AG (RNBx), 2014 WL 5369400 (C.D. Calif., Oct. 8, 2004) at *3-4 (“[T]he insured v. Insured Exclusion is ambiguous when applied to the FDIC [and] California law mandates that any ambiguity or uncertainty in an insurance policy is to be resolved against the insurer.”) (citations and internal quotation marks omitted). Coverage is particularly mandated when one keeps in mind that California courts construe coverage broadly, exclusions narrowly, and place the burden on insurers to “phrase ... exclusions in clear and unmistakable language.” Mackinnon, 31 Cal. 4th at 648, 3 Cal.Rptr.3d 228.
I am not persuaded by the decision of the Tenth Circuit cited by the majority for one simple reason—in BancInsure, Inc. v. F.D.I.C., 796 F.3d 1226 (10th Cir. 2015) cert. denied sub nom McCaffree v. BancInsure, — U.S. -, 136 S.Ct. 2462, 195 L.Ed.2d 800 (2016), the court applied Kansas law rather than California law. See id. at 1233. There is no indication in the Tenth Circuit’s decision that Kansas courts have adopted the California approach treating an endorsement deleting an exclusion as adequate to “support an objectively reasonable expectation of coverage.” American Alt., 135 Cal.App.4th at 1247, 37 Cal.Rptr.3d 918; see also St. Paul Mercury, 2014 WL 5369400 at *3-4 (finding an ambiguity in the application of the “Insured v. Insured” exclusion to the FDIC). The district court got it right. The FDIC was entitled to insurance coverage for its claim. I respectfully dissent.